**Jose Guillermo VARGAS MENDOZA, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74224.
Agency No. A75–679–476.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 11, 2005.

Jose Guillermo Vargas Mendoza, Los Angeles, CA, pro se.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC—District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

#### MEMORANDUM***

Jose Guillermo Vargas Mendoza, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. We have partial jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Vargas Mendoza failed to demonstrate exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We therefore dismiss the petition to the extent it challenges the IJ's finding that he was not eligible for cancellation of removal because he failed to establish the requisite hardship.

We review the decision to deny a continuance for abuse of discretion, *Nakamoto v. Ashcroft,* 363 F.3d 874, 883 n. 6 (9th Cir. 2004), and review due process challenges de novo, *Lopez–Urenda v. Ashcroft,* 345

F.3d 788, 791 (9th Cir.2003). The IJ did not abuse her discretion in denying a continuance based on the filing of Vargas Mendoza's I–140 application. Additionally, Vargas Mendoza's due process contentions fail because the record does not establish that the IJ prevented him from reasonably presenting his case or denied Vargas Mendoza a fair hearing before an impartial adjudicator. *Cf. Colmenar v. INS,* 210 F.3d 967, 971–72 (9th Cir.2000) (concluding that the petitioner was prejudiced because the IJ did not allow the petitioner to testify).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

